**United States Bankruptcy Court**
Eastern District of Arkansas

In re   **Jeovany Vasquez**
       **Maria Contreras**                                                      Case No.
                                        Debtor(s)                               Chapter    **13**

# Arkansas Chapter 13 Plan
(Local Form 13-1)

Original Plan ☑      Amended Plan ☐      **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.

The Amended Plan is filed:   ☐ Before confirmation
                             ☐ After confirmation

## Part 1: Notices

**To Debtor(s):**  **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.**

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Batesville, Helena, Jonesboro, Little Rock, or Pine Bluff Divisions): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☑ **Original plan filed** *at the time* **the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

☐ **Original plan filed** *after* **the petition is filed or amended plan (only if filed prior to the 341(a) meeting):** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☐ **Amended plan:** Within 21 days after the filing of the amended plan.

Debtor(s) **Jeovany Vasquez**
**Maria Contreras** Case No.

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☐ Included | ☑ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1**   **The debtor(s) will make regular payments to the trustee as follows:**
  *Inapplicable portions below need not be completed or reproduced.*

**Original plan:** The debtor(s) will pay $**1,115.00** per month to the trustee. The plan length is **60** months.
   The following provision will apply if completed:

   Plan payments will change to $__ per month beginning on __.

   Plan payments will change to $__ per month beginning on __.
      *(Use additional lines as necessary)*

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**   **Payments shall be made from future income in the following manner:**

   Name of debtor  **Jeovany Vasquez**
   ☑ Direct pay of entire plan payment or ____ (portion of payment) per month.

   ☐ Employer Withholding of $____ per month

      Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
      If other, please specify:____
       Employer name:
       Address:

       Phone:

   Name of debtor **Maria Contreras**

   ☐ Direct pay of entire plan payment or ____ (portion of payment) per month.

   ☐ Employer Withholding of $____ per month.

      Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
      If other, please specify:____
       Employer name:

Debtor(s) **Jeovany Vasquez**
**Maria Contreras**                                                                 Case No.

Address: _____

Phone: _____

**2.3** **Income tax refunds.**

*Check one.*
☑ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

**2.4** **Additional payments.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## Part 3: Treatment of Secured Claims

**3.1** **Adequate Protection Payments.**
*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| | | | |

**3.2** **Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, including any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The debtor(s) will resume payments to the creditors upon completion of the plan, pursuant to the terms of the respective agreements. Any existing arrearage will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

The current contractual installment payments for real estate may be increased or decreased, and the plan payment increased, if necessary, based upon information provided by the creditor and upon the absence of objection from the debtor(s) under applicable rules. Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below as to the current installment payment and arrearage amount. **If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that**

Debtor(s) **Jeovany Vasquez**
**Maria Contreras**                                         Case No.

**collateral will no longer be treated by the plan.**

| Creditor and last 4 digits of account number | Collateral | Monthly installment payment | Monthly installment payment disbursed by | Estimated arrearage amount | Monthly arrearage payment | Interest rate, if any, for arrearage payment |
|---|---|---|---|---|---|---|
| PennyMac Loan Services 2486 | 1620 Glenda Dr Little Rock, AR 72205 Pulaski County Debtors home on lot | 593.82 | ☐ Debtor(s) <br> ☑ Trustee | 21,000.00 | 350.00 | 0.00% |

**3.3**    **Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**

   *Check one.*
   ☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**    **Claims for which § 506 valuation is applicable. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

   *Check one.*
   ☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**    **Surrender of collateral.**

   ☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6**    **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

## Part 4: Treatment of Fees and Priority Claims

**4.1**    **General.**
Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

**4.2**    **Trustee's fees.**

The trustee's fees are governed by statute and may change during the course of the case.

**4.3**    **Attorney's fees.**
The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

   Amount paid to attorney prior to filing:    $   **0.00**
   Amount to be paid by the Trustee:           $   **3599.00**
   Total fee requested:                        $   **3,599.00**

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

Debtor(s) **Jeovany Vasquez**
**Maria Contreras**                                                      Case No.

The initial fee and percentage rate requested in the application are $ __1,500.00__ and __25.00__ %, respectively.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5    Domestic support obligations.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims.**
Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below**. For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: ____

*Check one, if applicable*
☑ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

☐ Other, Please specifiy ____

**5.2    Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1    Executory Contracts and Unexpired Leases.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2    Sale of assets.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**6.3    Claims not to be paid by the trustee.**

Arkansas Plan Form - 8/18                                                                Page 5

Debtor(s) **Jeovany Vasquez**
**Maria Contreras** Case No.

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

**6.4** **Postpetition claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon:**

*Check the applicable box.*

☐ plan confirmation

☑ entry of discharge

☐ other: _____

## Part 8: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced*

## Part 9: Signatures

By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.

| | |
|---|---|
| **/s/ G. Gregory Niblock**<br>G. Gregory Niblock 88047<br>Signature of Attorney for Debtor(s) | Date **February 18, 2020** |
| **/s/ Jeovany Vasquez**<br>Jeovany Vasquez | Date **February 18, 2020** |
| **/s/ Maria Contreras**<br>Maria Contreras<br>**Signature(s) of Debtor(s)**<br>**(required if not represented by an attorney;**<br>**otherwise optional)** | Date **February 18, 2020** |

Debtor(s) **Jeovany Vasquez**
**Maria Contreras**   Case No.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that copies of the foregoing Notice and attached Chapter 13 Plan have been served to the Standing Chapter 13 Trustee and US Trustee by way of CM/ECF and served by US Mail, postage prepaid to the following on March 6, 2020

| | | |
|---|---|---|
| Dept. Finance & Admin.<br>Legal Division<br>PO Box 1272<br>Little Rock AR 72203 | IRS<br>PO Box 7346<br>Philadelphia, PA  19114 | |
| | U. S. Attorney (East.Dist.)<br>P. O. Box 1229<br>Little Rock, AR  72203 | |
| AR Dept Workforce Services<br>Legal Division<br>P. O. Box 2981<br>Little Rock, AR  72203 | or<br>U. S. Attorney (West.Dist.)<br>414 Parker Avenue<br>Fort Smith, AR  72901 | |

and to all creditors as set forth in Exhibit "A" attached hereto, all on the DATE of this Notice.

/s/ G. Gregory Niblock
G. Gregory Niblock #88047

Exhibit A

| | | |
|---|---|---|
| AT&T<br>PO Box 930170<br>Dallas, TX 75393 | AT&T U-Verse<br>PO Box 5014<br>Carol Stream, IL 60197 | AT&T Wireless<br>PO Box 536216<br>Atlanta, GA 30353 |
| Capital One<br>PO Box 60599<br>City of Industry, CA 91716 | Capital One Bank USA<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130 | Capital One Bank USA<br>15000 Capital One Dr<br>Richmond, VA 23238 |
| Chase Bank<br>Attn: Bankruptcy Dept<br>PO Box 15298<br>Wilmington, DE 19850 | Chase Bank<br>200 North State St<br>Little Rock, AR 72201 | Chase Card Services<br>Correspondence Dept<br>Po Box 15298<br>Wilmington, DE 19850 |
| Chase Card Services<br>Attn: Bankruptcy<br>Po Box 15298<br>Wilmington, DE 19850 | CHI St. Vincent Infirmary<br>PO Box 677712<br>Dallas, TX 75267-7712 | Collection Service, Inc.<br>Attn: Bankruptcy<br>Po Box 7545<br>Little Rock, AR 72217 |
| Credit Acceptance<br>25505 West 12 Mile Road<br>Suite 3000<br>Southfield, MI 48034 | Credit Acceptance<br>25505 W.  12 Mile Rd.<br>Ste 3000<br>Southfield, MI 48034 | Credit One Bank<br>Attn: Bankruptcy<br>Po Box 98873<br>Las Vegas, NV 89193 |

Debtor(s) **Jeovany Vasquez**
**Maria Contreras**                                   Case No.

| | | |
|---|---|---|
| Credit One Bank<br>Attn: Bankruptcy Department<br>Po Box 98873<br>Las Vegas, NV 89193 | Credit One Bank NA<br>PO Box 98872<br>Las Vegas, NV 89193 | Credit One Bank NA<br>Attn: Bankruptcy<br>PO Box 98873<br>Las Vegas, NV 89193 |
| Enhanced Recovery<br>8014 Bayberry Rd.<br>Jacksonville, FL 32256 | First Collection Services<br>10925 Otter Creek E Blvd<br>Mabelvale, AR 72103 | First Source Advantage LLC<br>205 Bryant Woods South<br>Amherst, NY 14228 |
| Hood & Stacy PA<br>216 N Main<br>Bentonville, AR 72712 | Ic System<br>P.O Box 64794<br>Saint Paul, MN 55164 | IC System, Inc<br>PO Box 65887<br>Saint Paul, MN 55164 |
| Lvnv Funding LLC<br>c/o Resurgent Capital Services<br>PO Box 10497<br>Greenville, SC 29603 | Marshall Mgt<br>43 Warren Dr<br>Little Rock, AR 72209 | Marshall Mgt<br>14241 Ne Woodinville-Duvall Rd<br>Woodinville, WA 98072 |
| Midland Funding<br>2365 Northside Dr.<br>Suite 300<br>San Diego, CA 92108 | PennyMac Loan Services<br>Attn: Bankruptcy<br>PO Box 514357<br>Los Angeles, CA 90051 | PMAB, LLC<br>Po Box 12150<br>Charlotte, NC 28220 |
| Portfolio Recovery<br>Po Box 41021<br>Norfolk, VA 23541 | Portfolio Recovery<br>Attn: Bankruptcy<br>120 Corporate Blvd<br>Norfold, VA 23502 | Portfolio Recovery Associates<br>Attn: Bankruptcy<br>PO Box 41067<br>Norfolk, VA 23541 |
| Radiology Associates PA<br>PO Box 8801<br>Little Rock, AR 72231 | Simmons First Bank<br>PO Box 7009<br>Pine Bluff, AR 71611 | Sprint<br>6200 Sprint Parkway<br>Overland Park, KS 66251 |
| Synchrony bank<br>PO Box 960061<br>Orlando, FL 32896 | United Collection Bureau, Inc.<br>5620 Southwyck Blvd<br>Ste 206<br>Toledo, OH 43614 | Walmart<br>PO Box 965022<br>Orlando, FL 32896 |
| Jeovany Vasquez & Maria Contreras<br>1620 Glenda Dr<br>Little Rock AR 72205 | | |